U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

AMANDA KNAPP-ELLIS and ROBERT SORIANO, individually and on behalf of all others similarly situated,

      Plaintiffs,

vs.

STELLAR RECOVERY, INC., a Florida corporation,

      Defendant.

NO. 2:13-CV-01967-RSM

**AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227**

Plaintiffs Amanda Knapp-Ellis and Robert Soriano ("Plaintiffs"), by their undersigned attorneys, for this class action complaint against Defendant Stellar Recovery, Inc. and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities alleges as follows:

## I. INTRODUCTION

1.1 <u>Nature of Action</u>. Plaintiffs, individually and as class representatives for all similarly situated persons, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 1
CASE NO. 2:13-CV-01967-RSM

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## II. JURISDICTION AND VENUE

2.1 <u>Subject Matter Jurisdiction</u>. This Court has subject matter jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

2.2 <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over Defendant because it has submitted to Washington jurisdiction by registering with the Secretary of State to do business in the state of Washington and the wrongful acts alleged in this Complaint were committed in Washington State.

2.3 <u>Venue</u>. Venue is proper in this District pursuant to: (1) 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District; and (2) 28 U.S.C. § 1391(b)(3) in that Defendant is subject to personal jurisdiction in this District.

## III. PARTIES

3.1 <u>Plaintiff Amanda Knapp-Ellis</u>. Plaintiff is a citizen of Washington State residing in King County, Washington.

3.2 <u>Plaintiff Robert Soriano</u>. Plaintiff is a citizen of California State residing in Marin County, California.

3.3 <u>Defendant Stellar Recovery, Inc</u>. Stellar Recovery, Inc. is a Florida corporation registered to do business in Washington State. Its registered agent is headquartered in Thurston County, Washington.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

4.1 In 1991 Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") in response to a growing number of consumer complaints regarding certain telemarketing practices.

4.2 The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an

AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF FOR
VIOLATION OF 47 U.S.C. § 227 - 2
CASE NO. 2:13-CV-01967-RSM

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

## V. FACTUAL ALLEGATIONS

5.1     Defendant Stellar is a privately held company that acquires charged off receivables from credit grantors and financial institutions. It is a nationally licensed third party collection agency. It has calling centers in Jacksonville, Florida and Kalispell, Montana, and employs over 175 employees.

5.2     In 2013, the *Florida Business Journal* ranked Stellar number 24 on its inaugural Florida Fast 100 list of the fastest growing private companies in the state as from 2010-2012 Stellar grew 275%. *See* http://www.insidearm.com/daily/debt-collection-news/debt-collection/stellar-recovery-inc-24-in-florida-business-journal-fast-100-with-275-growth/ (last visited October 8, 2013).

5.3     On information and belief, as part of its business model Stellar uses automatic dialing machines and pre-recorded messages to reach consumers.

5.4     On information and belief, Stellar also uses "spoofing" technology when it uses automatic dialing machines to make it appear that the phone call coming in is from the phone number of the consumer. By spoofing a consumer's phone number Stellar increases the possibility that a consumer will answer the phone.

**A.     Factual Allegations Regarding Plaintiff Knapp-Ellis**

5.5     Beginning on May 16, 2013, Plaintiff Knapp-Ellis began receiving telephone calls from or on behalf of Defendant on her cellular telephone. Plaintiff Knapp-Ellis received at least ten phone calls from or on behalf of Defendant in 2013. The calls consist of a pre-recorded message for purposes of collecting an allegedly owed debt.

AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF FOR
VIOLATION OF 47 U.S.C. § 227 - 3
CASE NO. 2:13-CV-01967-RSM

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

5.6     The pre-recorded message does not provide the identity of the business that placed the call or the name of the business registered to do business in Washington.

5.7     Plaintiff Knapp-Ellis did not provide prior express consent to receive pre-recorded phone calls from or on behalf of Defendant on her cellular telephone.

5.8     Defendant or an agent or entity working on behalf of Defendant has also placed calls to Plaintiff Knapp-Ellis' mother using a pre-recorded message for purposes of contacting Plaintiff about an allegedly owed debt.

5.9     Plaintiff Knapp-Ellis did not provide prior express consent to receive pre-recorded phone calls from or on behalf of Defendant on her mother's telephone.

5.10    Plaintiff Knapp-Ellis requested that Stellar stop calling her and stop calling her mother's telephone.

5.11    Stellar continued to place automatic calls with pre-recorded messages to Plaintiff Knapp-Ellis' cellular telephone and mother's telephone even after she requested that the calls stop.

**B.     Factual Allegations Regarding Plaintiff Soriano**

5.12    Beginning in early 2014, Plaintiff Soriano being receiving telephone calls from or on behalf of Defendant on his cellular telephone. Plaintiff Soriano received approximately three to six calls between approximately January 2014 and March 2014. The calls consisted of pre-recorded messages for purposes of collecting an allegedly owed debt.

5.13    The pre-recorded messages identified the caller as Stellar Recovery and urged Plaintiff Soriano to call back regarding a business matter.

5.14    Plaintiff Soriano did not provide prior express consent to receive pre-recorded phone calls from or on behalf of Defendant on his cellular telephone.

5.15    On information and belief, Defendant caused a large number of substantially similar telephone calls to be placed to the telephones of persons in Washington and California, and to persons in other states.

AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF FOR
VIOLATION OF 47 U.S.C. § 227 - 4
CASE NO. 2:13-CV-01967-RSM

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

5.16   Defendant intends to continue to cause pre-recorded calls to be placed to the telephones of persons in Washington, California and other states.

## VI. CLASS ACTION ALLEGATIONS

6.1   Class Definition.  Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs brings this case as a class action on behalf of a Cell Phone Class:

> All persons in the United States to whom: (a) Defendant and/or a third party acting on Defendant's behalf, made one or more non-emergency telephone calls; (b) promoting Defendant's good or services; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or pre-recorded voice; (e) without the recipient's prior express consent; and (f) at any time in the period that begins four years before the date this complaint was filed to trial.

Excluded from the Classes and Subclass are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

6.2   Numerosity.  The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, the Cell Phone Class has more than 1,000 members.  Moreover, the disposition of the claims of the Cell Phone Class in a single action will provide substantial benefits to all parties and the Court.

6.3   Commonality.  There are numerous questions of law and fact common to Plaintiffs and members of the Cell Phone Class.  These common questions of law and fact include, but are not limited to, the following:

a.   Whether Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf negligently violated 47 U.S.C. § 227(b)(1)(A);

b.   Whether Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A), thus entitling Plaintiffs and the Cell Phone Class to treble damages;

AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF FOR
VIOLATION OF 47 U.S.C. § 227 - 5
CASE NO. 2:13-CV-01967-RSM

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

        c.        Whether Defendant is liable for prerecorded calls made by Defendant's affiliates, agents and/or other persons or entities acting on Defendant's behalf; and

        d.        Whether Defendant and/or its agents, affiliates, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

6.4    <u>Typicality</u>. Plaintiffs' claims are typical of the claims of Cell Phone Class. Plaintiffs' claims arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

6.5    <u>Adequacy</u>. Plaintiffs will fairly and adequately protect the interests of the Cell Phone Class. Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Cell Phone Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

6.6    <u>Predominance</u>. Defendant has engaged in a common course of conduct toward Plaintiffs and members of the Cell Phone Class. The common issues arising from this conduct that affect Plaintiffs and members of the Cell Phone Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

6.7    <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Cell Phone Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because

AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF FOR
VIOLATION OF 47 U.S.C. § 227 - 6
CASE NO. 2:13-CV-01967-RSM

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

6.8 <u>Injunctive and Declaratory Relief Appropriate</u>. Defendant has acted on grounds generally applicable to the Cell Phone Class, thereby making final injunctive relief and corresponding declaratory relief appropriate on a classwide basis.

## VII. FIRST CLAIM FOR RELIEF
**(Negligent Violations of the TCPA, 47 U.S. C. § 227(b)(1)(A) on behalf of Plaintiffs and members of the Cell Phone Class)**

7.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 The foregoing acts and omissions of Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

7.3 As a result of Defendant's and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf's negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiffs and members of the Cell Phone Class are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

7.4 Plaintiffs and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its agents, affiliates, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF FOR
VIOLATION OF 47 U.S.C. § 227 - 7
CASE NO. 2:13-CV-01967-RSM

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## VIII.  SECOND CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), on behalf of Plaintiffs and members of the Cell Phone Class)

8.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2     The foregoing acts and omissions of Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

8.3     As a result of Defendant's and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiffs and members of the National Class are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

8.4     Plaintiffs and members of the National Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its agents, affiliates, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the members of the Cell Phone Class,  pray for judgment against Defendant as follows:

A.     Certification of the proposed Cell Phone Class;

B.     Appointment of Plaintiffs as representatives of the Cell Phone Class;

C.     Appointment of the undersigned counsel as counsel for the Cell Phone Class;

D.     A declaration that Defendant and/or its affiliates, agents and/or other related entities' actions complained of herein violate the TCPA;

E.     An order enjoining Defendant and/or its affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 8
CASE NO. 2:13-CV-01967-RSM

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1       F.      An award to Plaintiffs and the Cell Phone Class;

2       G.      An award to Plaintiffs and the Cell Phone Class of attorneys' fees and costs, as allowed by law and/or equity;

      H.      Leave to amend this Complaint to conform to the evidence presented at trial; and

      I.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED AND DATED this 3rd day of April, 2014.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:   /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email:  bterrell@tmdwlaw.com
Mary B. Reiten, WSBA #33623
Email:  mreiten@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

SaraEllen Hutchison, WSBA #36137
Email:  saraellen@saraellenhutchison.com
LAW OFFICE OF SARAELLEN
  HUTCHISON PLLC
1752 NW Market Street, Suite 915
Seattle, Washington  98107-5264
Telephone:  (206) 529-5195
Facsimile:  (877) 485-4893

Thomas Jarrard, WSBA #39774
Email:  tjarrard@att.net
LAW OFFICE OF THOMAS G. JARRARD
1020 N. Washington Street
Spokane, Washington  99201-2237
Telephone:  (425) 239-7290

AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF FOR
VIOLATION OF 47 U.S.C. § 227 - 9
CASE NO. 2:13-CV-01967-RSM

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

| | |
|---|---|
| 1 | Robert W. Mitchell, WSBA #37444 |
| 2 | Email: bobmitchellaw@yahoo.com |
| 3 | 1020 N. Washington Street |
| 4 | Spokane, Washington 99201-2237 |
| 5 | Telephone: (509) 327-2224 |
| 6 | Facsimile: (509) 327-3374 |

*Attorneys for Plaintiffs and the Putative Class*

---

AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF FOR
VIOLATION OF 47 U.S.C. § 227 - 10
CASE NO. 2:13-CV-01967-RSM

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on April 3, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Andrew D. Shafer, WSBA #9405
>Email: ashafer@sksp.com
>SIMBURG KETTER SHEPPARD & PURDY, LLP
>999 Third Avenue, Suite 2525
>Seattle, Washington 98104
>Telephone: (206) 382-2600
>Facsimile: (206) 223-3929

*Attorneys for Defendant*

DATED this 3rd day of April, 2014.

>TERRELL MARSHALL DAUDT & WILLIE PLLC
>
>By: /s/ Beth E. Terrell, WSBA #26759
>Beth E. Terrell, WSBA #26759
>Email: bterrell@tmdwlaw.com
>936 North 34th Street, Suite 300
>Seattle, Washington 98103-8869
>Telephone: (206) 816-6603
>Facsimile: (206) 350-3528

*Attorneys for Plaintiffs and the Putative Class*

AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF FOR
VIOLATION OF 47 U.S.C. § 227 - 11
CASE NO. 2:13-CV-01967-RSM

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com